UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DR. FANNY DELA CRUZ,

    Defendant.
                               /

Case No. 17-mc-50236

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S REQUEST FOR HEARING [12] AND DENYING DEFENDANT'S EXEMPTIONS FROM THE APPLICATIONS FOR WRITS OF GARNISHMENTS [13]**

### I. INTRODUCTION

This matter comes before the Court upon Defendant, Fanny Dela Cruz's Request for Hearing [12] and Exemptions from the Applications for Writs of Garnishments [13], filed March 16, 2017. The Government filed a brief in opposition. Dkt. No. 17. Defendant did not reply. For the reasons set forth below, the Defendant's objections to garnishment provide no legally valid reason for this Court to deny or otherwise modify the garnishment application. A hearing will not be held because Defendant has not demonstrated that she qualifies for a hearing under 28 U.S.C. § 3202(d).

## II. BACKGROUND

On August 2, 2016, Defendant entered into a written plea agreement, by which she pled guilty to conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), and conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349. The plea agreement acknowledged that the Court "shall order restitution" as a condition of the sentence, and that the full amount of restitution would be determined by the Court.

In its January 11, 2017 judgment, the Court sentenced Defendant to 96 months imprisonment on the two counts, to be served concurrently, and three years of supervised release. Dkt. No. 55. The Court ordered Defendant to make monthly payments on any remaining balance of restitution. *Id*. at 4 (Pg. ID 461). The total amount of restitution owed to the United States Department of Health and Human Services was $472,000.00. *Id*. at 5 (Pg. ID 462). The Court waived imposition of a fine, costs of incarceration, and the costs of supervision due to Defendant's lack of financial resources. *Id*. at 6 (Pg. ID 463).

In February 2017, the Government filed an application for Writ of Continuing Garnishment, pursuant to 28 U.S.C. § 3205(b)(1) and 18 U.S.C § 3613(a), seeking to garnish property owed to or owned by Defendant, which is in the possession of JP Morgan Chase Bank, N.A., PNC Bank, and PNC Wealth

Management Services. Dkt. Nos. 2–4. The Government sought a total of $472,200.00, plus post judgment interest at the rate of 0%. Dkt. No. 1.

The garnishees answered the notices, verifying possession of the following: $3,877.89 in possession of JP Morgan Chase Bank, N.A., Dkt. No. 9; no funds in possession of PNC Bank, Dkt. No. 10; and a trust of undisclosed value that pays Defendant 5% of its value annually, of which PNC Wealth Management is a trustee, Dkt. No. 14.

On March 16, 2017, Defendant filed the Objections to Garnishment and Request for Hearing that are currently at issue before the Court. Dkt. Nos. 12–13.

### III. LEGAL STANDARD

The Mandatory Victim Restitution Act (MVRA), codified at 18 U.S.C. § 3663A *et. seq.*, makes restitution mandatory for certain crimes, "including any offense committed by fraud or deceit." 18 U.S.C. § 3663A(c)(1)(A)(ii). Section 3613(a) of the MVRA authorizes the United States to collect federal criminal debts "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). Section 3613 also states that the only property exempt from garnishment is property that the United States cannot seize to satisfy the payment of federal income taxes. *See id.* The MVRA further explains that federal criminal debts are to be treated in the same manner as federal tax liens. 18 U.S.C. § 3613(c).

The Federal Debt Collection Procedure Act (FDCPA), 28 U.S.C. § 3001 *et seq.*, sets forth the civil enforcement procedures used by the United States to recover monies owed under a restitution order. 28 U.S.C. § 3001(a)(1). Under the FDCPA, the United States may seek writs of garnishment against property in which a debtor has a substantial nonexempt interest in order to satisfy a judgment. *See* 28 U.S.C. § 3205(a).

Debtors may challenge issuance of writs of garnishment by requesting a hearing or filing a written objecting under 28 U.S.C. §§ 3202 and 3205. Section 3202(d) permits a debtor to request a hearing on the writ of garnishment within twenty days of receipt of notice of the writ of garnishment, but limits the issues at the hearing to: (1) the probable validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement for the issuance of the writ; (3) and certain issues that pertain to the enforcement of a default judgment. 28 U.S.C. § 3202(d). Section 3205(c)(5) permits a debtor to file a written objection to an answer within twenty days of receipt. 28 U.S.C. § 3205(c)(5). The debtor must state the grounds for the objection and bears the burden of proving such grounds. *Id*.

## IV. DISCUSSION

In the present case, Defendant owes restitution (a "debt") based a judgment entered against her in the criminal case. Defendant owes restitution in the amount of $472,000.00 to the Department of Health and Human Services, an agency of the United States. PNC Wealth Management has verified that it is the trustee for a trust in which Defendant has a limited interest and receives, and JP Morgan Chase Bank, N.A. has verified $3,877.89 in its possession. Defendant has not made any payments of her restitution thus far.

Defendant has argued that garnishment will make it impossible for her to continue to pay a $514.38 monthly car payment, a $1,269.78 monthly mortgage payment, and "other expenses" of $1,000.00. Dkt. No. 13, p. 2 (Pg. ID 58). The sole legal support offered for her objection is 26 U.S.C. § 6334(a)(9), which provides a minimum exemption for wages, salary, or other income. *Id*. at 2–3.

Section 3613(a)(1) provides that all subsections of section 6334(a)(1–12) are exempt from enforcement of a judgment, except subsections (a)(9) and (a)(11). 18 U.S.C. § 3613(a)(1) ("a judgment imposing a fine may be enforced against all property or rights to property of the person fined, except that—(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law"). Accordingly, the subsection

upon which Defendant relied does not qualify her for an exemption from collection of restitution.

Furthermore, Defendant has not provided the Court with information that demonstrates she qualifies for a hearing under 28 U.S.C. § 3202(d). Of the three issues about which a hearing may be held—probable validity of a claim of exemption, Government compliance with the statutory requirements for issuance of a post-judgment remedy, or issues related to a default judgment—Defendant only argues for a claim of exemption. *See id.* As mentioned above, Defendant's objection related to economic hardship and "other income" under 26 U.S.C. § 6334(a)(9) does not qualify for exemption from garnishment. Accordingly, her claim is not one of probable validity and she is not entitled to a hearing on her objection. *See United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (denying a hearing where the defendant did not object based on one of the issues specified in 28 U.S.C. § 3202(d).).

Based on Defendant's pleadings, it appears that she is not challenging the garnishment order, but rather is attempting to use these proceedings as a means of challenging the restitution order and its terms. Dkt. No. 13, p. 2 (Pg. ID 58) ("Fanny Dela Cruz did not receive or control the bills that were submitted to Medicare which resulted in the restitution amount of $472,000.00. The Defendant gained very little financially from the unlawful activity."). Defendant has not

provided the Court with a legal, factual, or equitable basis upon which it should alter the restitution order at this point in time. Defendant agreed to restitution as a condition of her Rule 11 plea agreement and waived her right to appeal her conviction on any grounds. 16-cr-20328, Dkt. No. 36, pp. 11–12 (Pg. ID 285–86).

Defendant used her medical license to profit from the actions that led to her indictment and conviction, and this profit was garnered at the expense of the United States taxpayers. The financial problems Defendant faces are the consequence of her own decisions and actions. No new or unanticipated financial hardship has manifested since the imposition of the restitution order that would warrant a reconsideration of the terms or amount of payment. The restitution amount at issue, which resulted from Defendant's fraudulent claims submitted to Medicare, is the proper subject of a writ of garnishment.

## V. Conclusion

For the reasons set forth above, the Defendant's Objection to Garnishment, Dkt. No. 13, is without merit. The writ of garnishment requested by the Government is granted and the monies in question shall be paid to the Clerk of Court, and applied to Defendant's restitution debt. Upon payment of the $472,000.00 to the Clerk of Court by the garnishee, the garnishment shall be considered terminated pursuant to 28 U.S.C. § 3205(c)(10)(B).

**IT IS SO ORDERED.**

Dated: May 11, 2017  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
United States District Court Judge